## Locke Lord Bissell & Liddell LLP

Attorneys & Counselors

April 13, 2011

VIA ECF

Hon. Dora L. Irizarry
United States District Judge
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Room 4A South
Brooklyn, NY 11201-1818

        Re:     *Rosenberg et al. v. Lashkar-e-Taiba et al*, 1:10-cv-05381
                  *Scherr v. Lashkar-e-Taiba*, 1:10-cv-05382
                  *Chroman v. Lashkar-e-Taiba*, 1:10-cv-05448

Dear Judge Irizarry:

      We represent Defendants, the Inter-Services Intelligence Directorate of the Islamic Republic of Pakistan ("ISI") and the current and former Director Generals of ISI, Ahmed Shuja Pasha and Nadeem Taj.

      Because these Defendants are: (1) an agency of a foreign sovereign (Plaintiffs allege that ISI was "a Pakistani organization carrying out intelligence gathering and operations domestically and internationally on behalf of the military of the Islamic Republic of Pakistan, Complaint at ¶ 11[1]) and; (2) officials of the Government of Pakistan (Defendants Pasha and Taj are alleged to have "exerted full command and control over the ISI", Complaint, ¶ 37), these cases involve threshold issues of justiciability, arising from principles of sovereign immunity, political question and related doctrines, such as comity and Act of State.

      Defendants will assert these defenses by motion to dismiss under Rule 12(b).

      However, in addition to threshold issues of justiciability, Defendants believe there are other grounds for dismissal, including, for example, failure to state a claim and lack of personal jurisdiction (with respect to Director Generals Pasha and Taj) and insufficient service of process (Taj). Analysis of the motion to dismiss for failure to state a clam would involve consideration of nine causes of action, analysis of the citizenship of the victims and the particular plaintiffs, and for certain claims, issues of foreign law. Analysis of dismissal for lack of personal jurisdiction

---

[1] Complaint citations are to the Complaint in the first-filed action, *Rosenberg et al. v. Lashkar-e-Taiba et al.* 1:10-cv-05381, but identical allegations appear in the related actions, *Scherr v. Lashkar-e-Taiba,* 1:10-cv-05382 and *Chroman v. Lashkar-e-Taiba* 1:10-cv-05448, all before this Court. A copy of the complaint in *Rosenberg* is attached for the convenience of the Court.

over the individual defendants will involve evaluation of the contacts (or lack thereof) of the individual defendants with this forum.

None of these defenses, however, will need to be considered if dismissal is granted on any of the threshold justiciability issues.

Accordingly, in the interest of judicial economy for the Court and the parties, we write to request that the court adopt a bifurcated briefing schedule. Defendants would file a Notice of Motion asserting all of the defenses which they intend to assert via motion (thereby complying with the requirement under Rule 12(g)(2) for one motion), but would initially brief only the threshold issues regarding justiciability, such as sovereign immunity and political question, with briefing on other issues, such as personal jurisdiction and the adequacy of particular claims, to be briefed only if the Court retains jurisdiction.

This procedure would be consistent with case law suggesting that issues of subject matter jurisdiction may be considered first, as threshold issues, prior to considering of a substantive motion to dismiss for failure to state a claim. See *Tenet v. Doe,* 544 U.S. 1, 6 n. 4, 125 S. Ct. 1230, 161 L. Ed. 2d 82 (2005) (court may address questions pertaining to its jurisdiction before proceeding to merits); *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999) and *Whiteman v. Dorotheum GmbH & Co. KG,* 431 F 3d 57, 73 n. 18 (2d Cir. 2005) (court may consider threshold issues, including justiciability, in any order).

Plaintiff's counsel has no objection to briefing on this basis, and attached is a Proposed Stipulated Order for consideration by the Court.

We are of course available to meet with Your Honor to discuss this proposal, but noting that Your Honor's Rules do not normally contemplate a pre-motion conference for dismissal motions, prepared the stipulated order for your consideration. Finally, given the complexity of the issues involved, we respectfully request an enlargement of the page limit set by Your Rule IV C, from twenty five to forty pages for the initial motion and opposition brief and twenty five for the reply, and have included that in the Proposed Stipulated Order.

Defendants' motion is currently due on April 21 (there has been one prior extension), but pursuant to your Personal Rule III, we have today requested, from Magistrate Judge Pollack, an extension until May 6 to allow time to consider the proposal for briefing noted herein. Again, we are available to appear at Your Honor's convenience, and thank you for your consideration.

Respectfully submitted,

Kevin J. Walsh

KJW:md

Enclosure

NYC 98913v.1

# ATTACHMENT TO APRIL 13, 2011 LETTER TO THE HON. DORA L. IRIZARRY

# PROPOSED STIPULATED ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIMON ROSENBERG et al.,

                Plaintiff,

    -against-                            1:10-cv-05381

LASHKAR-E-TAIBA et al.,

                Defendants.

---

KIA SCHERR, Individually, and as Personal
Representative of the Estates of Naomi Scherr and
Alan Scherr,

                Plaintiff,              1:10-cv-05382

    -against-

LASHKAR-E-TAIBA et al.,

                Defendants.

---

EMUNAH CHROMAN, Individually, and as
Personal Representative of the Estate of Ben Zion
Chroman,

                Plaintiff,              1:10-cv-05448

    -against-

LASHKAR-E-TAIBA et al.,

                Defendants.

---

**PROPOSED STIPULATED ORDER RE BRIEFING SCHEDULE FOR
DEFENDANTS' MOTION TO DISMISS**

WHEREAS, Defendants, the Inter-Services Intelligence Directorate of the Islamic Republic of Pakistan, Ahmed Shuja Pasha and Nadeem Taj have advised that they intend to file a motion to dismiss, under Fed. R. Civ. P. 12(b); and

-2-

WHEREAS, said Defendants have advised that among the grounds upon which dismissal will be sought, are defenses asserting non justiciability of these claims, based on defenses of sovereign immunity, political question, comity, Act of State and related defenses, arising from Defendants' assertion of their status as an agency and officials of the Government of the Islamic Republic of Pakistan; and

WHEREAS Plaintiffs do not concede the validity of such defenses and will oppose any such motion; but

WHEREAS, all parties are in agreement that, for reasons of efficiency and judicial economy it is advisable to bifurcate briefing on Defendants' motion to dismiss, with initial briefs to deal with threshold issues arising from or related to Defendants' assertion of their status as an agency and officials of the Islamic Republic of Pakistan; and

WHEREAS, counsel have executed this Stipulation and Proposed Order to so agree and hereby seek approval of the Court for such briefing schedule;

**NOW. THEREFORE, IT IS HEREBY ORDERED:**

1. Defendants shall file a Notice of Motion on Motion on May 6, 2011 or such other date as may be set by the Court, and in that Notice of Motion shall assert all grounds on which Defendants seek dismissal by motion.

2. Defendants' initial brief and supporting papers shall be filed on May 6, 2011 and shall address all defenses arising from or related to their assertion of status as an agency and officials of Government of the Islamic Republic of Pakistan, including but not limited to defenses of sovereign immunity, political question, comity and act of state. Defendants memorandum of law in support of the motion on these grounds shall not exceed forty (40) pages in length.

NYC 98909v.1

3. Plaintiffs' brief in response, shall be filed on June 20, 2011, and shall not exceed forty (40) pages in length.

4. Defendants' reply papers shall be filed on July 14, 2011 and shall not exceed twenty-five (25) pages in length.

5. In the event that Defendants' motion. on the grounds addressed in the initial brief and supporting papers is denied and additional grounds for dismissal asserted in Defendants' motion are to be considered, the parties will cooperate to propose a briefing schedule to the Court.

6. Nothing in this Stipulated Order shall in any way impact or preclude any party from seeking appellate review of any Order or decision entered by the Court on Defendants' motion to dismiss.

Dated: New York, New York
April 13, 2011

SO ORDERED:

_____
U.S.D.J.

LOCKE LORD BISSELL & LIDDELL LLP

By: _____
Kevin J. Walsh
3 World Financial Center
New York, NY 10281-2101
Tel No.: (212) 415-8600
Fax No.:(212) 303-2754
*Counsel for Defendants
Inter-Services Intelligence Of The
Islamic Republic Of Pakistan, Ahmed
Shuja Pasha and Nadeem Taj*

KREINDLER & KREINDLER

By: _____
James P. Kreindler
750 Third Avenue
New York, New York 10017-5590
Tel No.: (212) 687-8181
Fax No.: (212) 972-9432

-- and --

THE SILVERMAN LAW FIRM
16 Squadron Boulevard
New City, NY 10956
*Counsel for Plaintiff*